# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARGARET LESLIE CANTLON A/K/A
CINDY CANTLON A/K/A MRS.
WILLIAM MCKEAN CANTLON AND
MARGARET LESLIE CANTLON,
TRUSTEE OF THE WILLIAM AND
MARGARET CANTLON FAMILY
TRUST DATED MARCH 7, 2000,
Appellant,
vs.
WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.; AND WELLS
FARGO ADVISORS, LLC,
Respondents.

No. 78629

FILED

NOV 20 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER ANSWERING CERTIFIED QUESTION

The United States Bankruptcy Court for the District of Nevada certified to this court three questions arising from respondents', Wells Fargo & Company, Wells Fargo Bank, N.A., and Wells Fargo Advisors, LLC (collectively, "Wells Fargo"), motion to dismiss appellant's, Margaret Leslie Cantlon's, amended complaint. The complaint in question alleges that, between 2006 and 2012, Wells Fargo took certain actions and made certain omissions that caused the disappearance of approximately $2,000,000.00 of Cantlon's deposits. Specifically, Cantlon raises seven claims under Nevada law—elder exploitation; breach of fiduciary duties; violation of Nevada's Deceptive Trade Practices; breach of confidential relationship; negligent hiring, retention, and supervision; violations of the expectation of privacy; and conversion.

Wells Fargo moved to dismiss these claims based on the alleged expiration of their respective statutes of limitations. Cantlon argued that

20-42464

there was no temporal limit on any of her claims, under NRS 11.290 (stating that "[e]xcept as otherwise provided in subsection 5 of NRS 104.3118, to actions brought to recover money or other property deposited with any bank, credit union, banker, trust company or savings and loan society, there is no limitation"). These certified questions[1] followed.

Finding no answer in the plain text of the statute, we turn to well-worn, fundamental principles of statutory construction. *See Matter of Estate of Sarge*, 134 Nev. 866, 868, 432 P.3d 718, 721 (2018) (noting that the court looks first to the text of the statute in question). Of particular relevance here, every one of Cantlon's state law claims would generally be subject to a statute of limitations separate and apart from NRS 11.290. Elder exploitation under NRS 41.395(3) and breach of fiduciary duty under Nevada's Uniform Fiduciaries Act are "liabilit[ies] created by statute[s]," to

---

[1]As written, the three certified questions are:

> **Question 1.** Under Nevada law, does NRS 11.290 apply to any and all actions or claims that may be brought against a bank for any reason?
>
> **Question 2.** Does NRS 11.290 apply to claims for elder exploitation pursuant to NRS 41.1395, breach of fiduciary duties, violation of Nevada's Deceptive Trade Practices Law-NRS 598, breach of confidential relationship, negligent hiring, retention, and supervision of certain employees, violations of expectation of privacy, and/or conversion?
>
> **Question 3.** Does NRS 11.290 apply when the claims asserted against a bank seek statutory double or treble damages, compensatory damages, restitution, punitive damages, special and general damages, and disgorgement?

which the three-year statute of limitations established by NRS 11.190(3) usually applies. NRS 11.190(3)(a). Deceptive trade practice claims under NRS chapter 598 are generally subject to a four-year statute of limitations under NRS 11.190(2)(d) (setting four-year statute of limitations for "[a]n action against a person alleged to have committed a deceptive trade practice [under NRS chapter 598]"). Claims for breach of a confidential relationship, negligent hiring, retention and supervision, and violations of the expectation of privacy typically have a two-year statute of limitations under 11.190(4)(e) (setting statute of limitations for "an action to recover damages for injuries to a person"). *See Patush v. Las Vegas Bistro, LLC*, 135 Nev. 353, 355, 449 P.3d 467, 469 (2019) (holding that the section applies where an alleged tortfeasor causes injury to a plaintiff's "personal rights"); *cf. Perry v. Jordan*, 111 Nev. 943, 947, 900 P.2d 335, 338 (1995) (explaining that certain breach of confidential relationship claims are not based in a fiduciary relationship but are a subset of the special relationship and trust that accounts for tort damages in wrongful termination and insurance setting for breach of implied covenant of good faith and fair dealing).[2] And conversion claims, whether founded in the common law or the Uniform Commercial Code, generally have a three-year statute of limitations. NRS 11.190(3)(c) (setting statute of limitations for "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof"); NRS 104.3118(7) (setting statute of limitations for "an action for conversion of an instrument, for money had and received").

---

[2]To the extent a breach of confidential relationship claim arises from a breach of fiduciary duty, a three-year statute of limitations would likely apply. *See Stalk v. Mushkin*, 125 Nev. 21, 30, 199 P.3d 838, 844 (2009).

Supreme Court
OF
Nevada

(O) 1947A

Given Cantlon's reading, NRS 11.290 would broadly and, purportedly, infinitely extend the temporal limitations on all of her claims. And, in so doing, the section would directly conflict with every specific statute of limitation noted above. We deem it unlikely that NRS 11.290—a tersely worded statute to which we have not had occasion to add significant legal gloss since it was enacted in 1911—could rightly be read to have such sweeping effect. But, in any case, we need not decide the scope of NRS 11.290 as a general matter here to answer the bankruptcy court's certified questions in a way that is determinative of Cantlon's cause, now pending there. *See* NRAP 5 (stating that our answer should be limited to a question that "may be determinative of the cause then pending in the certifying court"). This is because, even if NRS 11.290 had some application to the claims at hand—despite that they do not directly stem from an alleged breach of Wells Fargo's contract with Cantlon, and regardless of the foreign case law cited by the parties—the more specific statutes of limitations recited above are controlling. *Williams v. State Dep't of Corr.*, 133 Nev. 594, 601, 402 P.3d 1260, 1265 (2017) (stating that "[u]nder the general/specific canon, the more specific statute will take precedence, and is construed as an exception to the more general statute . . . ." (internal citations omitted)).

In short—as posed, the three certified questions are somewhat broader than we would or should answer in this context. *See* NRAP 5; *see also Peone v. Regulus Stud Mills, Inc.*, 744 P.2d 102, 103 (Idaho 1987) (cautioning against deciding extraneous matters that "would result in an advisory opinion on a question not certified"). And in light of the specific issues raised in the underlying bankruptcy matter, it is, in our view, sufficient that we limitedly answer whether NRS 11.290 applies to any of the state law claims that Cantlon pleaded. Plainly, it does not.

It is so ORDERED.

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Parraguirre

_____ , J.
Stiglich

_____ , J.
Cadish

_____ , J.
Silver

cc:    Cartlidge Law Office
       White Law Chartered
       Ballard Spahr LLP/Minneapolis
       Fox Rothschild, LLP/Las Vegas